No. 19,122.

SIMON LUNA, JR. *v.* JOHN KRUTKA,
SHERIFF, PUEBLO COUNTY.
(349 P. [2d] 565)

Decided February 23, 1960.

Mr. LEVI MARTINEZ, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. GERALD HARRISON, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

PLAINTIFF in error, hereinafter referred to as Luna, was convicted, March 5, 1959, of the offense commonly

described as "joyriding" as that offense is defined by C.R.S. '53, 13-13-2. The case against him was filed in the justice court of Walter J. Christman, a Justice of the Peace in Pueblo County. Luna was sentenced to a term of nine months imprisonment in county jail.

On March 24, 1959, Luna instituted habeas corpus proceedings against the Sheriff of Pueblo County, the purpose of which was to secure a release from imprisonment resulting from the said judgment of the Justice of the Peace. The habeas corpus action in the district court was disposed of by the entry of judgment dismissing the petition of Luna, who brings the case here for review on writ of error.

The ground upon which Luna based his petition for release from imprisonment was that the justice of the peace before whom the "joyriding" case was tried was without jurisdiction to hear the case, and that the judgment and sentence entered in that action are void.

Counsel for Luna directs attention to the fact that the statute C.R.S. '53, 13-13-2, after defining the substantive offense, provides as follows:

"A person convicted of a second or subsequent offense under the provisions of this section within five years of the first conviction shall be guilty of a felony, and upon conviction shall be imprisoned in the state penitentiary not less than one year, or more than ten years."

It is argued by counsel that:

"The statute does not make mention of the manner in which the offense shall be charged to determine whether a defendant shall be deemed guilty of a misdemeanor or of a felony. By its plain language the statute provides that this is to be determined upon *conviction.* The statute contains other language which clearly shows the legislative intent to confer jurisdiction upon district and county courts only, over offenses of joyriding."

It is admitted that the information filed before the justice of the peace did not allege that Luna had ever been convicted of "joyriding" prior to the offense for

which he was convicted by the justice of the peace. The information charged the commission of a misdemeanor only, and no sentence could be imposed upon the defendant by any court as for the commission of a felony. In order for one to be found guilty of a felony, it would be necessary for the information to allege that prior to the alleged substantive offense upon which the accused was to stand trial, he had been convicted of joyriding within a period of five years.

No such allegation was contained in the complaint filed before the justice of the peace.

C.R.S. '53, 79-15-3, provides in pertinent part:

"Original jurisdiction is hereby conferred in all cases of misdemeanor upon any justice of the peace of the county in which the offense is committed, such jurisdiction to be concurrent with the jurisdiction of the county court and district court as provided by law."

There is no merit to the contention that only the county court and the district court have jurisdiction of the misdemeanor defined by the statute in question.

The judgment is affirmed.

Mr. Justice Knauss and Mr. Justice Doyle concur.